| | |
|---|---|
| KAEMPFER CROWELL<br>Louis M. Bubala III, No. 8974<br>1980 Festival Plaza Drive, Suite 650<br>Las Vegas, Nevada  89135<br>Telephone:   (702) 792-7000<br>Facsimile:    (702) 796-7181<br>Email:  lbubala@kcnvlaw.com | LAW OFFICE OF COREY B. BECK, P.C.<br>Corey B. Beck, No. 5870<br>425 South Sixth Street<br>Las Vegas, Nevada 89101<br>Telephone: (702) 678-1999<br>Facsimile: (702) 678-6788<br>Email: becksbk@yahoo.com |
| Attorneys for Fashion Show Mall, LLC | Attorneys for Joshua Michael Grantz |

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>JOSHUA MICHAEL GRANTZ,<br><br>                Debtor. | Case No.  09-22832-abl<br><br>Chapter 7<br><br>**MOTION TO APPROVE COMPROMISE OF CLAIMS BETWEEN (1) JOSHUA MICHAEL GRANTZ, AND (2) FASHION SHOW MALL, LLC**<br><br>Hearing Date: OST Pending<br>Hearing Time: OST Pending |

Debtor Joshua Michael Grantz and Fashion Show Mall, LLC ("Fashion Show") move for approval of a compromise of the claims, as detailed in the executed settlement agreement attached as **Exhibit 1**. The motion is requested for court approval of the resolution of its appeal.

The parties have been in dispute regarding the discharge of Fashion Show's claim against Debtor, and its ability to enforce its judgment against Debtor.  Although Fashion Show has prevailed in the U.S. Bankruptcy Court and U.S. District Court, Debtor still can appeal to the U.S. Court of Appeals.  Rather than continue the litigation, the parties agree to settle with a substantial payment to Fashion Show.  In turn, Fashion Show will forego its right to collect the full amount due on the judgment.  The parties will bear their own fees and costs, including those incurred in this reopened bankruptcy case, the appeal, and this motion.

11453.00228

**PROCEDURAL HISTORY**

This dispute has been fully briefed and decided by this Court with its order and the briefing on debtor's motion or contempt (Order, Dkt. 72; Motion, Dkt. 64; Opposition, Dkt. 70). The Parties summarize the dispute here and request the court take judicial notice of the matters previously before it. The Parties also request the court take judicial notice of the interrelated matters before the U.S. District Court and the Eighth Judicial District Court for the County of Clark, Nevada. *Grantz v. Fashion Show Mall, LLC*, No. 2:20-cv-00043 (D. Nev.); *Fashion Show Mall, LLC v. Talulah G, Inc.*, No. A-13-675643-C (8th Jud. Dist. Ct., Clark County, Nev.).

Debtor filed a chapter 7 petition in 2009 without scheduling Fashion Show as a creditor. Fashion Show was unaware of the bankruptcy. As a result, it did not file a proof of claim in bankruptcy, and it obtained a judgment against Debtor in state court in 2013. In 2019, Fashion Show executed on Debtor's bank account.

This court granted Debtor's motion to reopen its bankruptcy case, and no new trustee was appointed. 11 U.S.C. § 350(b); Fed. R. Bank. P. 5010. Debtor moved for contempt based on Fashion Show's seizure of his account. The motion was denied, and the U.S. District Court affirmed (USDC Dkt. 31, filed Feb. 10, 2022, docketed as USBC Dkt. 96). Debtor moved for an additional 30 days to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5)(A)(i) (USDC Dkt. 33, filed March 11, 2022, renewed USDC Dkt. 37, filed March 24, 2022). Fashion Mall did not oppose the extension because of settlement discussions with Debtor.

The parties reached a settlement agreement. Exhibit 1. Debtor will pay $70,000 to Fashion Mall in settlement of the judgment. The payment is roughly half of the outstanding amount owed by Debtor, according to Fashion Show's calculations. Debtor, in turn, will withdraw and abandon any appeal. Debtor may file a satisfaction of judgment in state court, and

Fashion Show will sign a release of its judgement lien recorded in Clark County, Nevada. To the extent there is an ambiguity or disagreement between the Agreement and any briefing or order with the court, the terms of the Agreement control.

## LEGAL AUTHORITY

Federal Rule of Bankruptcy Procedure 9019 provides a procedure for compromises in bankruptcy. Compromises are favored in bankruptcy. *In re Blair,* 538 F.2d 849, 851 (9th Cir. 1976). As long as the bankruptcy court considers the factors that determine the reasonableness of the compromise, the court's decision must be affirmed. *In re Walsh Constr., Inc.,* 669 F.2d 1325, 1328 (9th Cir. 1982). Thus, the court must consider whether the settlement is reasonable given the case circumstances. *In re A & C Props.,* 784 F.2d 1377, 1380-81 (9th Cir. 1986). Under *A&C Properties*, the fair and equitable settlement standard requires consideration of:

1. The probability of success in the litigation
2. The difficulties, if any, to be encountered m the matter of collection
3. The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it
4. The interest of the creditors and a proper deference to their reasonable views, which is considered paramount.

The court need not conduct a mini trial, but should canvass the issues in order to determine that the settlement meets the standards set forth in *A&C Properties*. *In re Schmitt,* 215 B.R. 417, 423 (9th Cir. BAP 1997). When assessing a compromise, courts need not rule on disputed facts and questions of law, but rather only canvass the issues. Otherwise, there would be no point in reaching a settlement, and the parties may as well try the case. *See In re HyLoft, Inc.,* 451 B.R. 104, 109 (Bankr. D. Nev. 2011).

**ARGUMENT**

As an initial disclosure, the settlement is unaffected and remains in full force and effect even if the court does not grant the motion. Debtor requested court approval of the settlement because there is a live controversy, and the Parties believe the court can approve the motion.

Debtor seeks to obtain further protection of his rights with this motion. There is mixed authority about the necessity of bankruptcy court approval, particularly when it does not affect property of the bankruptcy estate. *See In re Sparks*, 190 B.R. 842, 843 (Bankr. N.D. Ill. 1996) (gathering cases). Still, Rule 9019 provides a procedure for court approval of a settlement, regardless of the necessity for approval. *In re Telesphere Comms., Inc.*, 179 B.R. 544, 551-52 (Bankr. N.D. Ill. 1994), *quoted by Sparks*, 190 B.R. at 843. This court has the authority to approve this settlement because of Debtor's pending appeal of denial of its motion for contempt.

The rule calls for the motion to be brought by a trustee. Fed. R. Bankr. P. 9019(a). Because this is a reopened case without a reappointed chapter 7 trustee, Debtor is a debtor in possession charged with the responsibilities of a trustee. *See* 11 U.S.C. § 521; Fed. R. Bankr. P. 2015(a). Alternatively, as Judge Wedoff recognized in *Telesphere*, Rule 9019 is not substantive, but procedural. A "court has the inherent authority to approve a settlement of litigation." *Continental Assur. Co. v. Macleod-Stedman, Inc.*, 694 F. Supp. 449, 467 (N.D. Ill. 1988). This court can use its own authority and adopt the standards articulated under *A&C Properties* to bring this dispute to its closure. 11 U.S.C. § 105(a); Fed. R. Bank. P. 1001(a) ("These rules shall be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding.").

Debtor and Fashion Show request approval of the settlement for the following reasons.

**1. The probability of success in the litigation**

The bankruptcy held and the district court affirmed that the debt was not discharged because Debtor did not schedule Fashion Show or provide it with notice of his bankruptcy. Debtor argued that case law is distinguishable because the estate assets only paid administrative expenses, and that, even if Fashion Show's filed a timely unsecured claim, unsecured creditors did not receive any payment from the estate assets. While these arguments were rejected, Debtor asserts they represent at least a good faith argument that could be presented to the circuit court. The outcome is uncertain. If the circuit court affirms, Debtor's debt will have increased more with the passage of time; if the circuit reverses, Fashion Show will have to return funds that were previously collected. Rather than take those risks and continue to incur attorney's fees and costs, the parties have agreed to settle. Therefore, this factor favors settlement.

**2. The difficulties, if any, to be encountered m the matter of collection**

This factor is mixed. Fashion Show recorded its judgment lien in Clark County, Nevada, and it was approached in August 2021 by a title company requesting a payoff for the release of the lien. Fashion Show has not received any further information since that initial communication. As a result, there may be an asset subject to liquidation that can be used to pay the debt. However, Fashion Show does not know more about this previous proposed transaction. Fashion Show already has collected cash from Debtor's bank account, six years obtaining the bankruptcy. Under these circumstances, there are at least questions, if not difficulties, in further collection efforts in the near future. The settlement calls for Debtor to make an immediate payment of part of the debt, in full satisfaction of the debt, with a release of all debts and claims. This is a clean and efficient resolution that favors approval of a settlement.

**3. The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it.**

The issues have been briefed twice, so the litigation is not complex. However, appeals to the circuit impose a heightened challenge in making sure all legal issues are fully considered and presented. The expense of appellate brief is not insignificant. The Parties also anticipate the appeal will take at least a year to bring to conclusion, adding a level of uncertainty while the matter is pending. Therefore, this factor tilts in favor of settlement.

**4. The interest of the creditors and a proper deference to their reasonable views, which is considered paramount.**

As Debtor is paying the settlement with post-petition funds, more than a decade after getting his discharge, none of the scheduled creditors have any interest in the outcome of this settlement. The only creditor whose view is of concern is Fashion Show since its debt was not discharged, and it is a party to the settlement.

### CONCLUSION

Debtor and Fashion Show request the court approve this settlement consistent with the law developed with Rule 9019 and the court's inherent authority.

DATED: April 4, 2022.

KAEMPFER CROWELL

By: /s/ Louis M. Bubala III
Louis M. Bubala III

Attorneys for Fashion Show Mall, LLC

DATED: April 4, 2022.

LAW OFFICE OF COREY B. BECK, P.C.

By: /s/ Corey B. Beck
Corey B. Beck

Attorneys for Joshua Michael Grantz

# CERTIFICATE OF SERVICE

Pursuant to FRBP 7005 and FRCP 5(b), I certify that I am an employee of Kaempfer Crowell, that I am over the age of 18 and not a party to the above-referenced case, and that on April 4, 2022, I filed and served the following as indicated below.

1. **MOTION TO APPROVE COMPROMISE OF CLAIMS BETWEEN (1) JOSHUA MICHAEL GRANTZ, AND (2) FASHION SHOW MALL, LLC**

__X__  **BY NOTICE OF ELECTRONIC FILING**: through Electronic Case Filing System of the United States Bankruptcy Court, District of Nevada, to the individuals and/or entities at their email addresses as set forth below:

- Corey B. Beck, Attorney for Appellant/Debtor Joshua Michael Grantz

  becksbk@yahoo.com

I declare under penalty of perjury that the foregoing is true and correct.

DATED: Mon, Apr 4, 2022.

/s/  Brittany Sheehan
Brittany Sheehan
An Employee of KAEMPFER CROWELL